**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| RYAN DONNELLY<br>55 Loyd Rd<br>Morganville, NJ 07751<br>*Plaintiff*<br>v.<br><br>NATIONAL RAILROAD PASSENGER CORPORATION (AMTRAK)<br>1 Massachusetts Ave., NW<br>Washington, DC 20007<br>*Defendant* | **JURY TRIAL DEMANDED** |

**COMPLAINT**

1. The Plaintiff, Ryan Donnelly, is a citizen of the State of New Jersey, residing at 55 Loyd Rd, Morganville NJ, 07751.

2. Defendant, National Railroad Passenger Corporation. (hereinafter referred to as "Amtrak"), is a corporation organized and existing under the laws of the District of Columbia, whose principal place of business and address for process service is 1 Massachusetts Avenue, NW, in Washington DC.

3. This suit is brought pursuant to Acts of Congress known as the Federal Employers' Liability Act, Title 45 U.S.C. Secs. 51-60 as well as the Roadway Worker's Protection Act, codified in 49 CFR Subpart C.

4. The defendant, Amtrak, was engaged in interstate commerce as a common carrier by railroad operating a line and system of railroads in the States of New Jersey, New York, and Pennsylvania as well as throughout the United States of America.

5. The acts of omission and commission causing injuries to the Plaintiff were done by the defendant, their agents, servants, workmen and/or employees acting in the course and scope of their employment with and under the direct and exclusive control of the

defendant.

6. The Plaintiff was employed by defendant railroad and was acting in the scope of his employment by the defendant as a Building & Bridges Mechanic and was engaged in the furtherance of interstate commerce within the meaning of said Act.

7. All the property, equipment and operations involved in Plaintiff's injury were owned and/or under the direct and exclusive control of the defendant, their agents, servants, workmen and/or employees.

8. On or about July 26, 2023, Plaintiff, while working on Amtrak NY Penn Station Track 2 Platform, Plaintiff suffered injury while in the course and scope of his employment with Amtrak.

9. Plaintiff was asked to remove a section of chain mail fence that had privacy fabric attached to it. While performing this task, Plaintiff and a coworker lifted the fencing to remove it as directed. As Plaintiff was holding and stabilizing the fence, an industrial fan located above the work area started and produced strong airflow which forcefully blew into the fabric covered fence. This caused the fence to violently shift to the side.

10. As a result of the fence suddenly shifting, Plaintiff stumbled and twisted his back, at which time he felt a distinct pop on the right side of his back resulting in injury to his lumbar spine. These injuries required spinal fusion as well as less invasive treatments before and after.

11. These injuries were caused in whole or in part by the negligence, carelessness and recklessness of the defendant and their agents, servants, workmen and/or employees, acting within the scope of their employment, which negligence consisted of the

following:

a) in failing to provide the plaintiff with a safe place to work as required by the Federal Employers' Liability Act, Title 45 U.S.C. Secs. 51-60.

b) in failing to comply with safety rules and regulations of the defendant;

c) failure to warn employees that the industrial fan was active and could unexpectedly activate;

d) in failing to implement proper safety protocols.

12. As a direct result of the defendants' negligence, through their agents, servants, workmen and/or employees, the Plaintiff suffered injury to his back. This injury required physical therapy and surgery. He may require future treatments including surgeries to the injured area. In addition to the physical injuries, he suffered injury to his mental and emotional state of well-being. These injuries to his physical, mental and emotional well-being

13. As a direct result of the defendants' negligence, through their agents, servants, workmen and/or employees, the Plaintiff has been unable to attend to his usual duties and occupations, all of which caused financial loss and all of which may continue in the future.

14. As a direct result of the defendants' negligence, through their agents, servants, workmen and/or employees, the Plaintiff has been and may continue to be required to receive and undergo medical treatment and medical care, including surgery, and has incurred reasonable and necessary medical expenses, all of which may and probably will continue in the future.

15. As a direct result of the defendants' negligence, through their agents, servants,

workmen and/or employees, the Plaintiff has sustained pain, suffering, inconvenience, stress and a loss of enjoyment of life and may continue to suffer same for an indefinite period of time in the future.

**WHEREFORE**, the Plaintiff demands judgment and compensatory damages against the defendant in excess of $1,250,000.

**GOGGIN & DUCKWORTH, P.C.**

BY: /s/ James M. Duckworth

JAMES M. DUCKWORTH, ESQUIRE
Bar No.: 033861998
1420 Walnut Street, Suite 1108
Philadelphia, PA 19102
(O) 215-735-8780
(F) 215-735-5126
jduckworth@goggin-duckworth.com
*Attorney for Plaintiff, Ryan Donnelly*

Dated: February 18, 2026